# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff/Respondent,  )<br>  )<br>vs.  )<br>  )<br>DANNY W. MURPHY,  )<br>  )<br>  Defendant/Petitioner.  ) | Case Nos.  05-CR-85-JHP<br>                06-CV-526-JHP-SAJ |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Dewitt County Jail in Clinton, Illinois. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 05-CR-85-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. 05-CR-85-JHP. The records reflect Petitioner was named in a one-count Indictment on May 4, 2005, charging him with Bank Robbery, in violation of 18 U.S.C. § 2113(a) (Doc. 8). Thereafter, on June 24, 2005, pursuant to a written plea agreement, Petitioner waived trial and entered a plea of guilty. *See*, Docs. 19, 20, and 21. On September 30, 2005, Petitioner was sentenced to 105 months imprisonment and three years supervised release. Petitioner was also ordered to pay a $100.00 Special Monetary

Assessment and $7,100.00 in restitution. At the time of sentencing, defendant was advised he would have ten (10) days in which to appeal the sentence. The Judgment was filed of record on October 17, 2005.

Petitioner did not file a direct appeal. On September 28, 2006, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. Specifically, Petitioner argues: (1) he received ineffective assistance of counsel because (a) counsel did not explain language in the plea agreement or its ramifications on sentencing factors; (b) counsel failed to properly argue against a three level enhancement, pursuant to U.S.S.G. § 2B3.1(b)(2)(E), for implied use of a gun during the robbery; (c) counsel failed to argue against the criminal history category determined by the presentence report; (d) counsel failed to argue the ambiguous nature of the plea agreement; and (e) counsel failed to file an appeal despite Petitioner's request to appeal.

Respondent filed a Response on January 29, 2007. Petitioner filed a Reply on February 21, 2007. Thereafter, on April 30, 2007, Petitioner filed a Motion for Judgment by Default alleging the government had failed to respond to his allegations.

As a general rule, a defendant's knowing and voluntary waiver of the statutory right to appeal is enforceable. *United States v. Atterbery*, 144 F.3d 1299, 1300 (10th Cir. 1998). In *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), the Tenth Circuit indicated when determining the validity of an appellate rights waiver a court must consider: (1) whether the appeal in question is within the scope of the waiver; (2) whether the defendant

2

knowingly and voluntarily waived his appellate rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.

In this particular case, the plea agreement which defendant signed expressly provided that the defendant "knowingly and voluntarily" . . . . . waived his right to directly appeal the conviction and sentence unless the sentence exceeded the statutory maximum and waived his "right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." *See*, Plea Agreement filed on June 24, 2005 (Dkt. 19-2 at p. 3). Additionally, during the change of plea hearing, the defendant acknowledged that he understood and agreed to waive his appellate rights when the Court asked the following:

> THE COURT: . . . . Mr. Murphy, have you had a chance to read this plea agreement?
>
> THE DEFENDANT: Yes, I have.
>
> THE COURT: Do you understand all of the provisions of the written plea agreement?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Do you have any questions concerning the written plea agreement?
>
> THE DEFENDANT: No, sir, I don't.
>
> THE COURT: Does the written plea agreement contain each and every term of the agreement between you and the government?
>
> THE DEFENDANT: Yes, it does.

>THE COURT: Has anyone, including your attorney, or anyone acting for any government, made any promise or assurance of any kind that is not contained in this written plea agreement?
>
>THE DEFENDANT: No, they haven't.
>
>THE COURT: Do you fully understand any provision in the written plea agreement concerning the waiver of your right to appeal or collaterally attack the sentence that may be imposed?
>
>THE DEFENDANT: Yes, I do.
>
>THE COURT: Do you freely and voluntarily agree to the written plea agreement?
>
>THE DEFENDANT: Yes, I do.

Transcript of Change of Plea, at pp. 12-13. In exchange for his plea of guilt, the government agreed not to file additional bank robbery counts against the defendant. *See*, Affidavit of Steven Hightower, Dkt. 52-2, at ¶ 5.

Based upon the record, this Court finds Petitioner is not entitled to relief herein for the following reasons. First, Petitioner pleaded guilty. He admitted each of the elements of the crime charged. While Petitioner claims his attorney did not explain language in the plea agreement and its ramifications on sentencing factors thereby resulting in a plea that was not knowingly entered into, counsel's affidavit indicates he reviewed the plea agreement on more than one occasion and that petitioner understood the ramifications of his agreement. *Id*., at ¶¶ 5 and 8. Furthermore, Petitioner was given an opportunity by the Magistrate Judge, prior to entering his plea, to ask any questions that he had about the plea agreement. He had none. The record is clear that Petitioner waived his right to bring a motion to vacate under § 2255

when he entered his plea. None of the facts asserted by Petitioner render this waiver void or unenforceable.

To support his argument that he did not understand the ramifications of the plea agreement, Petitioner asserts he received a sentence which was 9 months higher than he bargained for. *See*, Reply at pp. 13-14. Yet, the record is clear that defendant was advised both in the written plea agreement and by the Magistrate Judge that the sentence to be imposed would be determined solely by the sentencing judge. *See*, Plea Agreement at p. 10 and Transcript of Change of Plea at pp. 11-12. The facts asserted by Petitioner do not convince this Court that Petitioner's plea was unknowing or involuntary.

Second, any claim of ineffective assistance of counsel must include a showing of prejudice from the alleged ineffective performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner can not prove ineffective assistance of counsel from his attorney's failure to appeal for two reasons. Specifically, Petitioner knowingly and voluntarily waived his right to appeal and he does not assert a valid argument which he could have made on appeal. Additionally, based on the affidavit of defense counsel, Petitioner cannot prove he ever asked his attorney to file an appeal. *See*, Affidavit of Steven Hightower, Dkt. 52-2, at ¶ 8.

For the reasons stated herein, Petitioner's Motion to Vacate is hereby denied. Furthermore, since the motion, files and records in this case establish Petitioner is not entitled to relief, Petitioner's request for an Evidentiary Hearing is denied. *United States v. Galloway*, 56 F.3d 1239, n. 1 (10th Cir. 1995).

It is so ordered on this 2nd day of July, 2007.

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma